237 F.Supp.2d 1380 (2002)
In re AT & T BROADBAND TELECOMMUNICATION SERVICES LITIGATION
Joyce Doty, et al.
v.
MediaOne of Greater Florida, Inc., et al., M.D. Florida, C.A. No. 3:02-857
Gwen Hudson, et al.
v.
AT & T Corp., S.D. Florida, C.A. No. 0:02-61190
No. MDL-1501.
Judicial Panel on Multidistrict Litigation.
December 12, 2002.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

ORDER DENYING TRANSFER
WILLIAM TERRELL HODGES, Chairman.
This litigation consists of two actions pending, respectively, in the Middle District of Florida and the Southern District of Florida. Plaintiffs in the latter action move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Florida. Defendants AT & T Corporation d/b/a AT & T Broadband and MediaOne of Greater Florida, Inc., oppose centralization as do plaintiffs in the Middle District of Florida action. The opposing plaintiffs would support the Middle District of Florida as transferee district if the Panel was inclined to grant the motion.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses not further the just and efficient conduct of this litigation. In this docket containing just two actions pending in two adjacent districts, movants have failed to persuade us that any common questions of fact are sufficiently complex, or that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (Jud.Pan. Mult.Lit.1969). We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 *1381 (Jud.Pan.Mult.Lit.1978); see also Manual for Complex Litigation, Third, § 31.14 (1995).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.
NOTES
[*] Judge Sear took no part in the decision of this matter. All other members of the Panel participated in this decision under the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation, 170 F.Supp.2d 1356, 1357-58 (Jud.Pan. Mult.Lit.2001).